# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**MARKUS KENTA SMITH,**

    Petitioner,

v.                                                          Civil Action No. **3:25CV64 (RCY)**

**CHADWICK DOTSON,**

    Respondent.

## MEMORANDUM OPINION

Markus Kenta Smith, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 17) challenging his convictions in the Circuit Court for the County of Lancaster, Virginia ("Circuit Court"). Respondent moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. ("Motion to Dismiss," ECF No. 35). The Court provided Smith with notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). (ECF No. 39.) However, Smith has not responded. For the reasons set forth below, the § 2254 Petition will be DENIED as barred by the statute of limitations.

### I.    PROCEDURAL HISTORY

After a jury trial, on October 21, 2022, Smith was convicted of abduction by force or intimidation and malicious wounding, and the Circuit Court sentenced him to an active term of eight years of incarceration. (ECF No. 36-1, at 1–3.)[1] Smith filed no appeal. Smith also filed no state habeas petition.

---

[1] The Court employs the pagination assigned to the record by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations from Smith's submissions.

On January 21, 2025, Smith filed his initial 28 U.S.C. § 2254 petition with this Court. ("Original § 2254 Petition," ECF No. 1-2, at 1.)[2] On February 5, 2025, and on April 9, 2025, the Court directed Petitioner to file the petition on the standardized form for filing a 28 U.S.C. § 2254 petition. (ECF Nos. 2, 12.) On April 23, 2025, the Court received Smith's § 2254 Petition. (ECF No. 17.)[3]

In his § 2254 Petition, Smith contends that he is entitled to relief on the following grounds:[4]

> Claim One:   "Ineffective assistance of counsel. I received ineffective assistance of counsel because my trial found me guilty based on verbal testimony without concrete evidence. It prejudiced me because my attorney['s] unprofessional errors representation was deficient and that the deficient performance prejudiced me. My attorney['s] strategy and tactics performance was

---

[2] This is the date the Original § 2254 Petition was received in the institutional mailroom, and the Court deems it filed as of this date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] In the April 9, 2025 Memorandum Order, the Court noted that Smith continued to mail in piecemeal supplements with no case number on them. (ECF No. 12, at 1.) In response, the Court explained as follows:

> The Court's consideration of Petitioner's grounds for habeas relief **shall be limited to the grounds and supporting facts concisely set forth on this standardized form and on any attached pages. Petitioner may not incorporate other documents by reference.** Therefore, the § 2254 petition form must contain ALL of Petitioner's claims and supporting argument. The form must be completed in FULL or else the Court will dismiss the action without prejudice. The Court will not consider any document Petitioner submitted previously, and he may not continuously supplement the petition.

(*Id.* at 2.)

On April 23, 2025, Petitioner submitted a new § 2254 petition in accordance with the Court's directions in the April 9, 2025 Memorandum Order. Accompanying Petitioner's § 2254 petition was a letter, where Petitioner asked for the Court to "attach all my written claims that I had wrote on different pages . . . to my habeas form." (ECF No. 18, at 1.) Petitioner filed various supplements and notices that were not labeled with a case number and were docketed in his many cases. By Memorandum Order entered on May 2, 2025, the Court explained that, as it had previously warned Petitioner, the Court would not consider any of these miscellaneous filings or any future filings submitted in the same manner. Petitioner was again informed that the Court would only consider the grounds and supporting facts on the § 2254 petition form and denied his request to attach his various notices and piecemeal filings to his § 2254 petition form. (ECF No. 19, at 3–4.)

By Memorandum Order entered on July 18, 2025, the Court noted that Petitioner had once again ignored the Court's clear directions and explained that Petitioner's newest filing (ECF No. 30) would not be considered by the Court in the review of his § 2254 petition. (ECF No. 31, at 2–3 n.1.) The Court also stated as follows: "Petitioner is also warned that he may file ONE response to any Motion to Dismiss filed by the Respondent. Petitioner should include all of his argument in that one response. The Court will not consider any piecemeal or supplemental responses." (*Id.* at 3 n.1.)

[4] As the Court previously warned Smith many times, the Court limits its review of his claims to those claims set forth in the § 2254 Petition, ECF No. 17.

|  |  |
|---|---|
|  | ineffective assistance of counsel. My attorney gave me permission to claim ineffective assistance against him. (*Id.* at 5.) |
| Claim Two: | Violation against my *Miranda* rights. During my unlawful[] arrest, the officer didn't explain the reason of my arrest. The officer[']s 'failure' to Mirandize me under the Supreme Court exclusionary rule. No *Miranda* warning, no arrest warrant, no nothing was given to me, to explain the reason of my arrest. My rights was never read to me the time I was at the police stat[ion] in front of a magistrate. I had no clue what I was being wrongfully charged with. Illegal arrest. (*Id.* at 7.) |
| Claim Three: | Insufficient evidence[] to prove malicious wounding. The Commonwealth[']s attorney didn't prove reasonable doubt for malicious wounding bodily injury. The Commonwealth had insufficient evidence[] to prove malicious wounding. No evidence[] to prove any permanent injury, no medical treatment follow up reports. No concrete evidence. (*Id.* at 8.) |
| Claim Four: | False Imprisonment. I'm in false imprisonment off he said and she said to two outrageous charges I didn't commit. I had no intention of abduct[ing] anybody or malicious wounding anybody. I was set up, I was frame[d] to a wrongfully blame. So many lies was said, it blurred out the truth. (*Id.* at 10.) |

## II.     ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars the § 2254 Petition. (ECF No. 36, at 3–6.) Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   **(A)**  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   **(B)**  the date on which the impediment to filing an application created by State action in violation of the Constitution or

3

>> laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **2.** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B. Commencement and Running of the Statute of Limitations**

Smith's conviction became final on Monday, November 20, 2022, when the time to note an appeal to the Court of Appeals of Virginia expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a) (requiring notice of appeal to be filed within thirty days of final judgment). Thus, Smith had one year, or until Monday, November 20, 2023, to file a petition pursuant to 28 U.S.C. § 2254. Smith failed to file his Original § 2254 Petition until January 21, 2025, over a year after the limitation period expired.

Therefore, the § 2254 Petition is barred by the statute of limitation unless Smith demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or an equitable exception to the limitation period. As discussed below, neither Smith nor the record suggest any plausible basis for belated commencement of the limitation period.

**C. Smith's Timeliness Arguments**

Smith suggests that his § 2254 Petition should not be barred as untimely for the following reasons:

> Due to the institutional transfer and the unavailability of law resources, it wasn't until recently that I could properly investigate the precedent of my case. I have no help, I didn't know what to do until I got legal advice from the institutional attorney [on] how to file a habeas corpus. I didn't know anything about the one-year statute of limitations. Please truly understand.

(ECF No. 17, at 13–14.). The Court construes Smith to argue that he is entitled to equitable tolling.[5]

Petitions under 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). To make the requisite showing of diligence, the petitioner "must allege with specificity the steps he took to diligently pursue his federal claims." *Id.* at 929–30 (10th Cir. 2008) (citation omitted).

First, contrary to Smith's suggestion, "ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citations omitted). Thus, Smith's lack of knowledge of the limitations period is not a persuasive argument for equitable tolling. Moreover, as a general rule, "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not

---

[5] Neither Smith nor the record suggests any plausible basis for belated commencement under 28 U.S.C. § 2244(d)(1)(B)-(D).

qualify as extraordinary circumstances." *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (footnote omitted) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). Nothing in Smith's vague contentions about a transfer between institutions or the limitations on "law resources" amount to an extraordinary circumstance. Smith also fails to allege specific facts showing that a lack of access to the law library or to legal materials prevented him from timely filing his § 2254 petition for more than two years. *O'Neill v. Dir., Va. Dep't of Corr.*, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011).

"Simply put, [Smith] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *Id*. Thus, Smith fails to demonstrate that he is entitled to equitable tolling, and his § 2254 Petition is barred by the statute of limitations.

### III.   CONCLUSION

The Motion to Dismiss (ECF No. 35) will be GRANTED. The § 2254 Petition (ECF No. 17) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: December 2, 2025
Richmond, Virginia